## No. 13,722.

### CONDER *v.* HANDY DITCH COMPANY.
#### (62 P. [2d] 1167)

Decided November 9, 1936.   Rehearing denied December 7, 1936.

Mr. MORTIMER STONE, Mr. ALDEN T. HILL, Mr. FANCHER SARCHET, for plaintiff in error.

Mr. AB H. ROMANS, Mr. HATFIELD CHILSON, Mr. WILLIAM R. KELLY, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a suit to quiet the title of certain water rights. The district court of Larimer county having decided in large part against the plaintiff in error, who was plaintiff below, he asks us to reverse the judgment.

The controversy originated in a certain contract entered into on December 13, 1905, and a written modification thereof made 15 days later.   Both agreements were between Mrs. Welch, Conder's predecessor in title, and a corporation named the Land, Mining, Reservoir, Ditch

& Investment Company (whose successor is the Handy Ditch Company, defendant in error). This grantor company owned certain reservoirs known as the Welch Reservoirs Nos. 1, 2 and 5 in which from time to time it stored whatever waters were delivered to it. There is no contention that the company has acquired by appropriation any priority right for direct-irrigation purposes. It had claimed—and had instituted proceedings to have awarded to its reservoirs—certain priorities for storage purposes; but these proceedings seem to have been abandoned or suspended. Both agreements above mentioned manifestly dealt with storage rights, the first one conveying to Mrs. Welch "the right to receive and to use four hundred and twelve (412) inches of water * * * from Welch Reservoirs No. 1, 2 and 5 * * * such 412 inches of water to be taken out of the reservoirs from time to time between the 15th day of April and the 15th day of October, of each year * * *." The modification agreement obviously made no change in the character of water as storage water.

By deed of February 27, 1906, the grantor company conveyed its lands and water rights, including the Welch reservoirs, to the Handy Ditch Company, defendant in error. The latter company was the owner of the Handy Ditch and of priority rights in water appropriated for direct irrigation, which rights were enjoyed by the stockholders. Even before the conveyance, the Handy Ditch Company, by arrangement with the grantor company, had used the Welch reservoirs as conduits for its own water.

One question before the lower court was whether the grantor company, and through it the plaintiff in error Conder, acquired any direct-irrigation rights by the aforesaid agreements. Another question was whether such rights were acquired by the terms of the above mentioned deed from the grantor company to the Handy Ditch Company. A third question was whether the plaintiff in error Conder and his predecessors in title had

acquired direct-irrigation rights, as against the defendant in error company, by adverse user or possession thereof. All three questions were decided against the plaintiff in error.

The evidence was conflicting. It was resolved in favor of the Handy Ditch Company. We find the evidence to be amply sufficient to support the findings and judgment. The various written instruments in evidence were correctly interpreted. We are therefore bound by the trial court's conclusions and cannot interfere.

Judgment affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE YOUNG concur.